(145 App. Div. 418.)

SCHEPPS v. JAPANESE FAN CO.

(Supreme Court, Appellate Division, First Department. June 2, 1911.)

PLEADING (§ 324*)—BILL OF PARTICULARS—REQUISITES.

    A bill of particulars furnished by plaintiff, suing for assault and battery, which gives the name of the officer of defendant who committed the assault, and which states that he has no knowledge of the names of the other agents of defendant who searched him, or of those who witnessed the assault, complied with an order to furnish a bill of particulars stating the names of the persons who committed the assault, and of those who seized and searched plaintiff, and of those in whose presence such acts were committed, and a motion for a further bill must be denied.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 980–985; Dec. Dig. § 324.*]

Appeal from Special Term, New York County.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, McLAUGHLIN, and SCOTT, JJ.

Edward G. Delaney, for appellant.
Jacob Newman, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

McLAUGHLIN, J. Action to recover damages for assault and battery. The complaint alleges, in substance, that on the 28th day of June, 1910, while the plaintiff was lawfully in the defendant's place of business, it maliciously and willfully assaulted the plaintiff, and, without provocation, publicly and forcibly seized and searched his person and clothing, abused and maltreated him, or caused the same to be done, and by reason of such unlawful acts of the defendant, its agents, servants, and employés, plaintiff was damaged to the extent of $10,000, for which judgment is demanded. The answer put in issue the material allegations of the complaint. After issue had been joined, the defendant, upon notice, obtained an order requiring the plaintiff to serve upon its attorney a bill of particulars, setting forth, among other things, the name of the person or officer of the defendant who seized, searched, and assaulted the plaintiff, or caused the same to be done, and the name of the person or officer of the defendant who assaulted and maltreated the plaintiff, as well as the names of the persons in whose presence such acts were committed. In pursuance of this order the plaintiff served a bill of particulars, stating that the assault was committed by one Carl J. Deutsch, the secretary and an officer of the defendant, and that the plaintiff was seized, searched and maltreated by Deutsch and other agents and employés of the defendant whose names are unknown to the plaintiff. The bill of particulars, which was verified, also contained a statement that:

"Beyond giving the name of the said Carl J. Deutsch, this plaintiff is now unable and has no present knowledge of the full and correct names of these other persons in whose presence this plaintiff was violently and publicly seized and taken hold of, and by force and violence searched or caused to be searched, in the said defendant's store or place of business."

After the bill of particulars had been served, the defendant again moved, on notice, for a further bill of particulars, which should set forth the names or otherwise identify the different agents and employés of the defendant "through whom this plaintiff was publicly and forcibly seized and searched or caused to be seized and searched," the names of the persons or otherwise who maltreated and abused the plaintiff, or otherwise identify such persons, and the names of the persons in whose presence the acts complained of were committed. The motion was granted, and the plaintiff appeals.

The plaintiff, in the bill of particulars served, gave the name of the officer of the corporation who committed the alleged illegal acts, or caused the same to be committed, and then stated that the names of the other persons were unknown to him, as were the names of the persons in whose presence the acts complained of were committed. Obviously, if the plaintiff does not know the names of these persons, he cannot give them. Having given the name of the officer who did commit the assault, or was responsible for it, the defendant is in a position to obtain the further information desired, if it exists. It certainly cannot require the plaintiff to furnish it, if he is unable to do so, because it is not the office of a bill of particulars to require an impossibility. The bill of particulars served complied with the order directing the same, in so far as the plaintiff was able to do so. For

that reason the motion for a further bill of particulars should have been denied.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

(145 App. Div. 421.)

### SCHEPPS v. JAPANESE FAN CO.

(Supreme Court, Appellate Division, First Department.   June 2, 1911.)

Argued before , INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

